UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CARL PAYNE                                              CIVIL ACTION

VERSUS                                                  NO: 11-2767

STEVE RADER, WARDEN                                     SECTION: R(4)

### ORDER AND REASONS

Before the Court are Carl Payne's motion for stay of action (R. Doc. 4) and his objections (R. Doc. 16) to the Magistrate Judge's Report and Recommendation that the stay be denied (R. Doc. 15). Payne filed his objections to the Magistrate's Report as a "Motion for Objection and Request Dismissal of Instant Suit Without Prejudice."[1] In the motion, Payne indicates that he now seeks dismissal of his habeas petition without prejudice so that he may present his unexhausted claims to the state court, and then return to federal court for review of all of his claims. "[D]ocument[s] filed by *pro se* petitioners [are] to be 'liberally construed'". *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Accordingly, the Court will analyze petitioner's motion as a motion for voluntary dismissal under Rule 41(a)(2).

---

[1] R. Doc. 16.

This Court has authority to dismiss Payne's habeas petition without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  See *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (explaining that Rule 41(a)(2) may be applied in a habeas proceeding); FED. R. CIV. P. 41(a)(2).  A motion for voluntary dismissal should be freely granted "unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  The "primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side".  *Id.* (citing 9C WRIGHT & MILLER, § 2364).

The defendant has filed a response to the petition, but has taken no other action in this matter.[2]  The Court finds, therefore, that this is not a case in which dismissal will unfairly prejudice the defendant.  If any party faces potential prejudice from dismissal of petitioner's claims, it is the petitioner himself, who faces the possibility that his perfected petition may be procedurally barred if he does not file it within the federal limitations period.  *See* 28 U.S.C. §2244(d)(1).

Importantly, the Court has not yet engaged in any substantive review of the merits of petitioner's habeas claims.  A second petition by Payne, therefore, would not be subject to the successive petition rules of the Antiterrorism and Effective

---

[2]   R. Doc. 17.

Death Penalty Act. *See* 28 U.S.C. § 2244; *United States v. Juarez-Sanchez*, 223 Fed. Appx. 348, 349 (5th Cir. 2007) (explaining that the cases in which the Supreme Court has held that a prisoner's second filing did not constitute a successive petition "were based on the fact that, in the first petition, 'the habeas petitioner [did] not receive an adjudication of his claim.'") (quoting *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (holding that a petitioner whose *Ford* claim was dismissed as premature, like a petitioner who returns to federal court after exhausting state remedies, did not receive adjudication of his claim and should not be barred from obtaining federal habeas review of the claim in a subsequent petition)).

For the foregoing reasons, the Court GRANTS Payne's request and DISMISSES his petition without prejudice.

New Orleans, Louisiana, this __24th__ day of January, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE